UNITED STATES of America, Plaintiff–Appellee,

v.

Francisco VIVANCO–GONZALEZ, Defendant–Appellant.

Nos. 07–30096, 07–30097.

United States Court of Appeals, Ninth Circuit.

Submitted July 22, 2008.*

Filed Aug. 1, 2008.

Jane M. Kirk, Esq., USSP–Office of the U.S. Attorney, Spokane, WA, for Plaintiff–Appellee.

Alex B. Hernandez, III, Esq., Kristine K. Olmstead, Esq., Federal Defenders of Eastern Washington & Idaho, Yakima, WA, for Defendant–Appellant.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: B. FLETCHER, THOMAS, and WARDLAW, Circuit Judges.

## MEMORANDUM **

In these consolidated appeals, Francisco Vivanco–Gonzalez appeals from his conviction for illegal reentry in violation of 8 U.S.C. § 1326, and from the district court's revocation of supervised release. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Vivanco–Gonzalez contends that the district court erred in denying his motion to dismiss the indictment charging him with illegal reentry because, during removal hearings in 2005, his due process rights were violated when he was not adequately advised of his eligibility for pre-hearing voluntary departure. We conclude that Vivanco–Gonzalez cannot demonstrate prejudice from any due process violation because he also was removed in 1998, and he could not have been eligible for pre-hearing voluntary departure as to both removals. *See* 8 U.S.C. § 1229c(c); *United States v. Muro–Inclan,* 249 F.3d 1180, 1184 (9th Cir.2001).

Because the district court did not err in denying the motion to dismiss the indictment, it did not err in concluding that Vivanco–Gonzalez had violated the condition of his supervised release that he not commit another Federal crime. *See* 18 U.S.C. § 3583(e)(3); *United States v. Musa,* 220 F.3d 1096, 1100 (9th Cir.2000).

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).